IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


TANZA L. MARKHAM                                                              PLAINTIFF

vs.                                    Civil No. 6:07-cv-06083

MICHAEL J. ASTRUE                                                             DEFENDANT
Commissioner, Social Security Administration


## MEMORANDUM OPINION

Tanza Markham ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 2).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her application for SSI on April 29, 2005 and her application for Widow's Disability benefits on May 13, 2007. (Tr. 31-34, 45-47). Plaintiff alleged she was disabled due to mood disorder, disorder of muscle and connective tissue, back and neck pain, migraines, and bipolar disorder. (Tr. 54). Plaintiff alleged an onset date of July 1, 2001. (Tr. 45). These applications were

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

initially denied on October 12, 2005 and were denied again on reconsideration on March 20, 2006. (Tr. 48-53).  On March 30, 2006, Plaintiff requested an administrative hearing on her applications. (Tr. 27).  The hearing was held on March 8, 2007 in Texarkana, Arkansas. (Tr. 267-287).  Plaintiff was present and was represented by counsel, Donald Pullan, at this hearing. *See id.*  Plaintiff and Vocational Expert ("VE") Nancy Hughes testified at this hearing. *See id.*  On the date of this hearing, Plaintiff was fifty (50) years old, which is defined as "individual closely approaching advanced age" under 20 C.F.R. § 404.1563 (2008), and had more than a high school education. (Tr. 270, 273).

On June 29, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB and SSI.  (Tr. 11-19).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date. (Tr. 18, Finding 1).  The ALJ determined Plaintiff had the severe impairments of a disorder of the muscle and connective tissue and mood disorder.  (Tr. 18, Finding 2).  The ALJ also determined the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 18, Finding 2).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC").  (Tr. 15-17, 18, Finding 5).  The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). (Tr. 15-16).  After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other limitations. (Tr. 15-16).

The ALJ also reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 18, Finding 5). Specifically, the ALJ determined Plaintiff retained the following RFC:

> the claimant has the following limitations: lifting and/or carrying up to 20 pounds occasionally, 10 pounds frequently, standing and/or walking 6 hours in an 8-hour workday, sitting 6 hours in an 8-hour workday, interpersonal contact is routine but superficial, complexity of tasks is learned by experience using several variables, use judgment within normal limits, requires little supervision for routine tasks but detailed supervision for non-routine tasks.

(Tr. 18, Finding 5). *See* 20 C.F.R. § 416.967.

The ALJ then determined Plaintiff was unable to perform her Past Relevant Work ("PRW") but was able to perform work existing in significant numbers in the national economy. (Tr. 18, Finding 9). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 270-274, 285-286). The VE testified that a hypothetical person with Plaintiff's RFC could not return to Plaintiff's PRW. (Tr. 285-286).

However, the VE then testified a hypothetical person with Plaintiff's RFC, age, education, and work experience could perform other work in the national economy. (Tr. 286). For example, the VE testified such a hypothetical person could perform work as a short order cook (1,000 such jobs in the State of Arkansas and 200,000 in the nation), security guard (4,000 such jobs in the State of Arkansas and 700,000 in the nation) and small products assembler (2,000 such jobs in the State of Arkansas and 200,000 in the nation. (Tr. 18, Finding 9). The ALJ went on to find Plaintiff was not under a disability from her alleged onset date through the date of the decision. (Tr. 19, Finding 10).

On July 19, 2007, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 6-7). *See* 20 C.F.R. § 404.984(b)(2). On October 1, 2007, the Appeals Council

declined to review this determination. (Tr. 3-5). On October 31, 2007, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). Both parties have filed appeal briefs. (Doc. Nos. 5, 8). The parties consented to the jurisdiction of this Court on December 27, 2007. (Doc. No. 2).

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his finding that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1; and (B) the ALJ failed to fully and fairly develop the record. In response, Defendant argues: (A) the ALJ properly found Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1; and (B) the ALJ fully and fairly developed the record**.**

## A. ALJ's Evaluation of the Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits his physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from an impairments considered to be severe within the meaning of the Social Security regulations. The impairments were a disorder of the muscle and connective tissue and mood disorder. (Tr. 18). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that his impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff first attempts to show she has a listed impairment by setting forth seventeen (17) diagnoses that appear throughout the record. (Doc. No. 5 pg. 4). However, Plaintiff fails to show her impairment met or equaled any specific listing. A diagnosis is not disabling *per se*. There must be a functional loss establishing an inability to engage in substantial gainful activity before a disability occurs. *See Trenary v. Brown*, 898 F.2d 1361,1364 (8th Cir. 1990).

Plaintiff then argues she meets or equals Listing 12.00, *et seq* for Mental Disorders. Plaintiff does not list a specific Listing under 12.00 that she meets, rather, she argues she meets the requirements of the part "B"criteria that are found in several of the mental disorder listings. These mental disorder listings require that at least two of the following part "B" criteria be satisfied: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social

functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. This same argument fails to show how her impairment meets or equals any specific listing of 12.00 et seq for mental Disorders.

As discussed below, the record medical evidence does not support a finding that Plaintiff meets any Listing under 12.00 *et seq* for Mental Disorders, based on the fact that substantial evidence supports the ALJ findings that Plaintiff's condition does not meet the part "B" criteria for any listing.

Plaintiff has not shown marked restrictions in her daily activities. The ALJ properly found Plaintiff's daily activities were only mild restricted. Plaintiff indicated she did her own shopping, cooking, housework and laundry. (Tr. 82). Additionally, Plaintiff's RFC assessment found Plaintiff had a mild restriction on daily activities. (Tr. 101). A Psychosocial Assessment at Levi Hospital taken on October 26, 2006, indicates Plaintiff rode horses and attended church. (Tr. 185). These activities do not support a finding that Plaintiff had a marked restriction in her daily activities.

The ALJ's finding that Plaintiff had mild restrictions in social functioning is supported by substantial evidence. On October 1, 2005, Plaintiff was examined by Dr. Janet L'Abbe for a Mental Status Evaluation. Plaintiff informed Dr. L'Abbe she had no problems getting along with people. (Tr. 82). Plaintiff's RFC assessment found Plaintiff had a mild restriction on maintaining social functioning. (Tr. 101). This finding does not establish that Plaintiff had marked difficulty maintaining social functioning.

The ALJ properly found Plaintiff had moderate limitations in maintaining concentration, persistence or pace. (Tr. 15). Dr. L'Abbe found Plaintiff had no limitations with concentration, persistence or pace. (Tr. 82). Plaintiff's RFC assessment found Plaintiff had moderate difficulties

7

with maintaining concentration, persistence or pace. (Tr. 101). The finding of the ALJ is supported by substantial evidence.

Substantial evidence supports the ALJ's finding that Plaintiff had no episodes of decompensation. (Tr. 15). Plaintiff argues the one time she had two to three hallucinations would cause deterioration in the work setting. (Doc. No. 5, Pg. 10). This does not constitute a repeated episodes of decompensation which is defined as three episodes within 1 year, or an average of once every 4 months, east lasting 2 weeks. *See* 20 C.F.R. pt. 404, subpt. P, app.1 § 12.00(C)(4).

I find substantial evidence supports the ALJ's determination Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app 1.

### B. Duty To Develop The Record

Plaintiff argues the ALJ failed to properly develop the record. Plaintiff argues the ALJ relied on the opinions of non-treating, non-examining physicians who failed to review all the reports of the treating physicians, when forming an opinion of Plaintiff's RFC. (Doc. No. 5, Pg. 12). Plaintiff argues the ALJ's RFC assessment is improper based on his failure to include all of Plaintiff's impairments.

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence

is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974).

In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

The ALJ did not rely solely on the opinions of non-treating, non-examining physicians in, determining the Plaintiff's RFC. While it is true, the ALJ relied on the consultative exam, performed on October 1, 2005, by Dr. L'Abbe (Tr. 14), the ALJ also relied on the opinions of treating physician Dr. Rhonda Tannehill in determining Plaintiff's RFC. (Tr. 17). As the ALJ noted, Dr. L'Abbe found Plaintiff to be of normal IQ, able to attend to the activities of daily living, had no physical problems or limitations that would interfere with her adaptive functioning, and no limitation in concentration, persistence, or pace. (Tr. 76-83). In a letter dated August 23, 2005, Dr. Tannehill was of the opinion Plaintiff was malingering based on the fact that Plaintiff missed 7 of 11 appointments following her initial visit on May 27, 2005. (Tr. 75). Dr. Tannehill questioned Plaintiff's assertion that she is unable to work or get out of bed based on the fact that Plaintiff did not appear to be losing muscle mass from remaining in bed all day. (Tr. 75). Finally, Dr. Tennehill indicated she doubted Plaintiff's diagnosis of Bipolar I was accurate. Dr. Tannehill found no evidence of mood cycling or mania. (Tr. 75).

After determining Plaintiff's RFC, the ALJ questioned the VE with a hypothetical which included those impairments found to be credible by the ALJ. (Tr. 285-286). Plaintiff argues this hypothetical did not address Plaintiff's mental limitations. However the ALJ's hypothetical included limitations on work where interpersonal contact is routine but superficial, complexity of tasks is

learned by experience using several variables, use judgment within normal limits, requires little supervision for routine tasks but detailed supervision for non-routine tasks. (Tr. 285-286). The VE then testified a hypothetical person with Plaintiff's RFC could perform other work in the national economy. (Tr. 286). The ALJ's hypothetical included the impairments which were supported by substantial evidence.

Plaintiff has failed to demonstrate either that the record was not fully developed, or prejudice if the record was not in fact fully and fairly developed. I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **17th day of March, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE